UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ALPINE LAND & RESERVOIR CO., *et al.*,<br><br>    Defendants.<br><br>Re: Nevada State Engineer's Ruling No. 5823 | Case Subfile No. 3:73-cv-00203-LDG<br><br>Equity No. 3:73-cv-00183-LDG<br><br>**ORDER** |

      The Pyramid Lake Paiute Tribe of Indians (Tribe) filed a petition for review of Nevada State Engineer's Ruling No. 5823.  Real parties in interest Aspen Creek, LLC, Dayton Valley Investors, LLC, and Stanton Park Development, as well as the Nevada State Engineer have moved to dismiss (## 7, 9, 10) arguing, *inter alia*, that this court lacks subject matter jurisdiction. The Tribe opposes the motions to dismiss (# 12).  The moving parties have each filed a reply (## 18, 19, 20).  As the court lacks subject matter jurisdiction, the court will dismiss the petition.

      This court, as part of its continuing jurisdiction to administer the Alpine Decree, has jurisdiction to hear appeals of the State Engineer's rulings that administer water rights on the Carson River stream system, which was the stream system adjudicated by the Alpine

Decree. In State Engineer's Ruling 5823, the State Engineer granted twenty-six applications to appropriate groundwater from the Dayton Valley Hydrographic Basin in Lyon County, Nevada. The Alpine Decree did not adjudicate the groundwaters of the Dayton Valley Hydrographic Basin.

In moving to dismiss, the moving parties argue that this court lacks subject matter jurisdiction to hear an appeal of Ruling 5823 because that ruling did not administer any water rights adjudicated by the Alpine Decree. The Tribe counters that this court's jurisdiction extends to hear appeals of a State Engineer's decision that will impair, interfere, and conflict with water rights adjudicated by the Alpine Decree, even though the decision itself did not administer water that was adjudicated by or is part of the stream system adjudicated in the Alpine Decree.

The Ninth Circuit has recognized that this court's jurisdiction to hear appeals from the decisions of the State Engineer arises from Nev. Rev. Stat. §533.450(1), which provides, in relevant part, that "on stream systems where a decree of court has been entered, the action shall be initiated in the court that entered the decree." The Tribe has not alleged that the groundwater of the Dayton Valley Hydrographic Basin is part of the Carson River stream system that was the subject matter of the Alpine Decree.

Rather, the Tribe alleges that the Dayton Valley Hydrographic Basin is "hydrologically connected" to the surface water of the Carson River. As such, it argues that this court has jurisdiction to hear this appeal because the State Engineer's decision will infringe water rights decreed in the Alpine Decree. For purposes of this motion, the court will assume that a hydrological connection exists between the groundwater of the Dayton Valley Hydrographic and the Carson River surface water stream system. Nevertheless, the court would note that the Tribe has not offered any citation or law, particularly that of Nevada or the Ninth Circuit, that suggests that a groundwater basin is part of a stream system merely because the groundwater basin and the stream system are "hydrologically

connected." While the State Engineer may be required to consider such a hydrological connection in administering an application for groundwater rights, such consideration does not thereby confer jurisdiction, in the court that entered a decree on the stream system, to hear an appeal of the State Engineer's decision administering the groundwater rights.

The court would note that such a hydrological connection may confer standing upon the Tribe to protest any applications for groundwater from the Dayton Valley Hydrographic Basin, and to appeal any rulings of the State Engineer that it believes are adverse to its decreed water rights. That the Tribe has standing to appeal the State Engineer's decision because it owns water rights decreed by the Alpine Decree does not, however, confer jurisdiction upon this court to hear that appeal. Rather, Nev. Rev. Stat. §§533.450(1) establishes that such jurisdiction is in the proper court in Lyon County, as that is the county in which the Dayton Valley Hydrographic Basin is located.

Therefore for good cause shown,

THE COURT **ORDERS** that the Motions to Dismiss (## 7, 9, 10) are GRANTED for lack of subject matter jurisdiction.

DATED this ___3___ day of July, 2008.

_____
Lloyd D. George
United States District Judge

3